FOREMAN v. NORDON CONST. CO. et al.

(Supreme Court, Appellate Division, Second Department. March 26, 1915.)

1. SALES &#9758;472—CONDITIONAL BILL OF SALE—FILING.

The filing, as required by Personal Property Law (Consol. Laws, c. 41) § 62, of a conditional bill of sale of heating apparatus installed in buildings sold under mortgage foreclosure, is notice to the purchaser that the articles remain personal property and that title does not pass to him, and he has no claim to the surplus, on paying the unpaid price for the articles, as against a junior mortgagee.

[Ed. Note.—For other cases, see Sales, Cent. Dig. §§ 1366–1376; Dec. Dig. &#9758;472.]

2. MORTGAGES &#9758;151 — FORECLOSURE — PERSONALTY — CONDITIONAL BILL OF SALE—FILING.

Where a conditional sale contract of articles so annexed to real estate as to become a part thereof was not filed, as required by Personal Property Law, § 62, a purchaser at mortgage foreclosure sale of the realty acquired title to the articles superior to the seller, and the purchaser, paying the unpaid price for the articles, was not entitled to the surplus arising on the sale, as against a junior mortgagee.

[Ed. Note.—For other cases, see Mortgages, Cent. Dig. §§ 307, 309–311, 314–329, 332–336; Dec. Dig. &#9758;151.]

Appeal from Special Term, Queens County.

Actions by Stella Foreman against the Nordon Construction Company and another to foreclose mortgages, in which the State Bank appeared and demanded from Edward S. Fowler, referee, the surplus arising on a sale. From a judgment granting relief to the State Bank, Edward S. Fowler, referee, appeals. Affirmed.

See, also, 164 App. Div. 953, 149 N. Y. Supp. 1082.

The following is the opinion of Mr. Justice Jaycox:

These actions were brought to foreclose certain mortgages upon the premises described in the complaint. The moving party herein, the State Bank, holds a subsequent mortgage upon the premises and claims to be entitled to the surplus arising upon the sale. After the sale had been had herein, the referee states that he ascertained that there were on file in the office of the county clerk of the county of Queens two conditional bills of sale covering the heating apparatus installed in the three houses sold pursuant to the judgments in those actions and covering the gas fixtures installed or to be installed in seven houses, including the three houses sold; that the purchaser claimed to be entitled to have allowed to him the amount unpaid for the fixtures and ranges above mentioned in the houses purchased by him; that such claim was allowed, and $140 allowed in one action and $280 in the other. The State Bank now brings this motion to compel the referee to pay over to the city chamberlain the amount which he allowed for such fixtures.

[1, 2] It is entitled to the relief prayed for. If the conditional bill of sale was filed as required by the Personal Property Law (Consolidated Laws, c. 41; Laws of 1909, c. 45, § 62), that was notice to the purchaser, and he obtained no title to the chattels in question. This was the purpose of the act to require the filing of the contract in question, so that purchasers need not depend upon appearances, but could ascertain by examination of the records whether the fixtures were subject to a conditional bill of sale or not. This is assuming that the method of annexation would have made the articles above mentioned a portion of the real estate if the contract of conditional sale had not been filed. If the method of annexation did not make them a portion of the real estate, then the purchaser would not have obtained any title in any event. Central Union Gas Co. v. Browning, 210 N. Y. 10, 103 N. E. 822. As

&#9758;For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

the conditional bill of sale had been filed, however, the articles in question remained personal property, and the title did not pass to the purchaser of the premises on the foreclosure of the mortgage. Colwell Lead Co. v. Home Title Ins. Co., 154 App. Div. 83, 138 N. Y. Supp. 738.

I can see no basis upon which the allowance by the referee can be justified in any event. If the articles in question became part of the real estate, then title passed to the purchaser, and his claim was superior to that of the vendor. If they did not become part of the real estate, then the title did not pass to the purchaser under the foreclosure sale, and he had no claim upon them. In either event, he would be entitled to no allowance.

Motion is therefore granted, without costs.

Argued before JENKS, P. J., and BURR, CARR, RICH, and PUTNAM, JJ.

Alfred T. Davison, of Brooklyn, for appellant.
Joseph J. Schwartz, of Brooklyn, for respondent.

PER CURIAM. Order affirmed, without costs, on the opinion of Mr. Justice Jaycox at Special Term.

---

CHATILLON v. CO-OPERATIVE APARTMENT CO.

(Supreme Court, Special Term, New York County. April, 1915.)

INNKEEPERS ⬦➞11—LOSS OF GUEST'S PROPERTY—LIABILITY.

An innkeeper, which maintained an iron safe to receive money and jewels of guests, requested a guest to change her apartments, and agreed to remove her effects to the new apartment. Through the negligence or dishonesty of its servants, a jewel case belonging to the guest was lost. Held, that the innkeeper was liable, notwithstanding General Business Law (Consol. Laws, c. 20), § 200, declaring that an innkeeper, having provided an iron safe for the receipt of jewels and money, shall not be liable for a guest's loss of those articles retained.

[Ed. Note.—For other cases, see Innkeepers, Cent. Dig. §§ 3, 17–40; Dec. Dig. ⬦➞11.]

Action by Dorothy Palmer Chatillon against the Co-operative Apartment Company. On motion by plaintiff for an order sustaining a demurrer to the first affirmative defense. Motion granted.

J. Frank McDavitt, of New York City (J. Boyce Smith, Jr., of New York City, of counsel), for the motion.
Campbell & Boland, of New York City, opposed.

GIEGERICH, J. The plaintiff has moved for an order sustaining her demurrer to the first separate defense set up in the answer. The action is brought to recover the value of certain jewels contained in a jewel case which was lost while the defendant, a hotel keeper, was moving the goods of the plaintiff from one suite of rooms in the hotel to another suite, which the defendant, for its own purposes and accommodation, requested her to accept and occupy instead of the rooms theretofore occupied by her. The complaint further alleges that the defendant agreed to safely move the plaintiff's belongings from the